NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3466

COTTY P. O'LEARY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  August 9, 2005

_____

Before MICHEL, Chief Judge, LOURIE, and PROST, Circuit Judges.

PROST, Circuit Judge.

Petitioner Cotty O'Leary appeals from a decision of the Merit Systems Protection Board ("Board"), No. AT300A980635-B-4, in which the Board denied O'Leary's request for corrective action.  The Board issued a decision on the merits rejecting O'Leary's allegations that he suffered discrimination in the scoring of his application to become an Administrative Law Judge ("ALJ").  We agree with the Board that it had jurisdiction over the case; however, because O'Leary did not receive a hearing on the merits, we vacate the Board's denial of his request for corrective action and remand for proceedings on the merits.

## I. BACKGROUND

O'Leary has been employed as a staff attorney in the Office of Hearing Appeals ("OHA") of the Social Security Administration. Several times, he has applied to become an ALJ. O'Leary filed the application at issue in this case in 1993 and received a final rating in 1995.

Applicants for ALJ positions take an examination with several parts; the part at issue in this case is the Supplemental Qualifications Statement ("SQS"), which counts for fifty percent of the applicant's total score. The SQS consists of a statement in which the candidate thoroughly describes the experience and accomplishments relevant to his or her qualification for an ALJ position. Only applicants with sufficiently high SQS scores are permitted to complete the remaining three parts of the exam.

The SQS portion of the exam is scored by two individuals, a "rater" and a "reviewer." The scorers compare the applicant's statement against the proficiency levels or the "level definitions" of the OPM rating schedule in an attempt to find the "best fit." If an applicant does not fit into any of the level definitions, the scorers resort to "benchmark achievements," examples from prior exams, to determine if the applicant's legal duties and responsibilities matched those in a particular benchmark.

On May 7, 1998, O'Leary filed a claim alleging that the Office of Personnel Management ("OPM") employed discriminatory techniques in scoring the ALJ examinations, systematically discounting the experience, background, and accomplishments of OHA staff attorneys. According to O'Leary, this discrimination caused him to receive an improperly low score on the SQS portion of the exam, a score described as "in the lower range of the minimum qualifying score." The low score

delayed his application for some time, because applicants with low qualifying scores were scheduled last for the other parts of the examination.

This case already has a long procedural history. O'Leary appealed to OPM regarding the initial SQS score he received. OPM raised his score, but not, in his view, to a sufficiently high number. O'Leary appealed his score to the Board's Regional Office, where the administrative judge dismissed the appeal as untimely. The Board vacated this dismissal and remanded. OPM asked the Board to reopen the timeliness issue, but the Board again held that the appeal was timely. On remand, the administrative judge dismissed O'Leary's appeal again, this time for lack of jurisdiction. The administrative judge found that O'Leary had failed to establish, by a preponderance of the evidence, that OPM had engaged in a "practice" of scoring OHA attorneys with benchmark examples repeatedly enough to have a significant effect on the success of that group of applicants.

Subsequently, in the decision that is the subject of the instant appeal, the Board overruled the administrative judge and held that it did have jurisdiction over O'Leary's case. The Board construed O'Leary's allegations as not limited to the use of scoring benchmarks, but rather depicting a general bias against OHA attorneys in OPM's scoring of the SQS section. While rejecting the administrative judge's jurisdictional analysis, the Board affirmed the ruling against O'Leary on alternative grounds. According to the Board, the evidence of record was sufficient for OPM to have established by a preponderance of the evidence that its practice was not discriminatory. The Board relied on evidence showing the extensive, scientific development of the exam; the "rational relationship" between scoring based on litigation and trial experience

and the requirements of the job; testimony that scores were tied to responsibilities and accomplishments, not job titles; and O'Leary's actual scores, which were higher than the OHA staff attorney benchmarks on some parts of the exam.

The Board justified its disposition of the case by concluding that the parties and the administrative judge had actually addressed merits issues, not merely jurisdictional ones. In the Board's view, such a decision was effectively a reviewable final decision on the merits.

## II. DISCUSSION

O'Leary filed a timely appeal of the Board's final decision. We have jurisdiction over appeals from final decisions of the Board pursuant to 5 U.S.C. § 7703 and 5 C.F.R. § 1201.120.

## A. Standard of Review

The court will overturn a decision of the Board if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). Whether the Board has jurisdiction to adjudicate a case is question of law, which this court reviews de novo. Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995).

## B. Arguments

O'Leary's theory is that OPM discriminated against the subset of OHA attorneys who had a relatively high GS level and courtroom experience. He believes OPM gave such applicants (including himself) ratings based on job titles, rather than individual experience. While many OHA attorneys may have lacked substantial litigation

experience, those who did have it were graded based on their presumed responsibilities as OHA attorneys, not on their actual experience, according to O'Leary. In his view, the benchmark scores contributed to this discounting of specific experience, even though they were not directly applied in all cases.

O'Leary asserts that the Board and the administrative judge both conflated jurisdictional issues with merits issues. As a result of this confusion, he maintains, the administrative judge characterized what was really a merits decision as a jurisdictional one. He contends that the administrative judge's implicit merits decision and the Board's explicit one were improper because he has only received a jurisdictional hearing, not a hearing on the merits.

The government admits that it was improper for the Board to make a decision on the merits after a hearing that was only on jurisdiction. However, the government contends that the Board should have upheld the administrative judge's dismissal of the case on jurisdictional grounds. Principally, the government asserts that the practices O'Leary calls discriminatory were not actually applied to him, because he received scores higher than the SQS benchmarks in certain instances. The government also claims that O'Leary did not submit "affidavits or other evidence that the allegedly non-merit based evaluation criteria were applied to his ALJ examination." Accordingly, the government concludes, O'Leary has failed to establish the element of the jurisdictional test that requires the challenged practice to have been applied to the petitioner.

## C. Analysis

For the reasons discussed below, we agree with the Board that it had jurisdiction over this case. We also accept the government's concession that O'Leary is entitled to,

but did not receive, a hearing on the merits. Accordingly, we remand the matter for such a hearing.

## 1. Jurisdiction

The standard for the Board's jurisdiction over a 5 C.F.R. § 300.103 "employment practice" discrimination claim is lenient. "A candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations." 5 C.F.R. § 300.104(a) (2005). Under this standard, an aggrieved candidate may pursue a claim if an employment practice (1) that he believes constitutes non-merit-based discrimination (2) was actually applied to him. We have held that this regulation confers jurisdiction on the Board in "employment practice" cases. Meeker v. Merit Sys. Prot. Bd., 319 F.3d 1368, 1374 (Fed. Cir. 2003). We have also held that OPM's interpretation of its own regulations, even when expressed only in briefing in the case at bar, is entitled to deference. Folio v. Dep't of Homeland Sec., 402 F.3d 1350, 1355 (Fed. Cir. 2005). In the present case, the government (OPM) states that a non-frivolous allegation would suffice to confer jurisdiction on the Board, but contends that O'Leary's case does not even clear that low hurdle.

The government focuses its arguments on whether the challenged practice was actually applied to O'Leary. Like the administrative judge, the government cites facts indicating that the benchmark scores were not directly applied to O'Leary.

We agree with the Board that application of benchmark scores is too narrow an interpretation of what O'Leary alleged. Rather, although "focus[ing] on terminology

used in certain benchmark examples, he alleged in doing so that those examples reflected a bias against OHA attorneys that was inherent in OPM's scoring of the SQS part of the ALJ examination." This theory, whatever its merits, does not depend on O'Leary receiving the precise benchmark scores in the OPM guidelines. The record provides us with no basis to overrule the Board's conclusion that, "[w]hen viewed as a whole, . . . the appellant's claim concerns the SQS part of the ALJ examination, and not just the benchmark examples used to score that part." There is no dispute that the SQS scoring practice was applied to O'Leary, even if the precise benchmark scores themselves were not. Thus, O'Leary's claim satisfies the jurisdictional requirement that the allegedly discriminatory practice was actually applied to him.

### 2. O'Leary's Entitlement to a Hearing on the Merits

Having established jurisdiction, we have disposed of the only issue disputed by the parties on appeal. We agree with O'Leary and the government that O'Leary is entitled to a hearing on the merits, because the hearing that O'Leary received before the administrative judge was designated jurisdictional.

### III. CONCLUSION

For the reasons stated above, we vacate the MSPB's denial of O'Leary's request for corrective action and remand the case to the administrative judge for a hearing on the merits. In such a hearing, of course, the administrative judge retains broad discretion over the range of admissible evidence.