# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARY E. PURIFOY,
      Appellant,

     v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
AT-3443-12-0204-B-1

DATE: April 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Paul G. Miranne</u>, Pensacola, Florida, for the appellant.

<u>Tamiko N. Walker</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the remand initial decision, which dismissed her employment practices appeal as untimely filed without good cause shown. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons discussed below, however, we VACATE the remand initial decision dismissing the appeal as untimely, and instead DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

In November 2009, the appellant, a GS-07 Management Assistant with the agency, learned that she was not selected for a GS-09 Management Analyst position for which she had applied. Initial Appeal File (IAF), Tab 1 at 1, 8-10. In February 2010, the appellant filed an equal employment opportunity (EEO) complaint alleging that the agency discriminated against her based upon race and sex when it: (1) denied her rotational assignments and training to enable her to compete for higher-graded positions; and (2) changed the qualification criteria for the GS-09 Management Analyst position to ensure that she was excluded from consideration. Remand Appeal File (RAF), Tab 11 at 64 (the agency's notice of the claims accepted for investigation); *see id.* at 22-25 (formal EEO complaint).

In April 2010, during the agency's investigation of the appellant's EEO complaint, it replicated its review of her application using the RESUMIX system and discovered that the system had erroneously failed to identify her as qualified

for the position.[2]  RAF, Tab 9 at 40-41.  RESUMIX is an automated system that the agency used to search applications to identify candidates that possessed certain skills required for the position.  *Id.*; *see* IAF, Tab 14 at 3 (the administrative judge's description of RESUMIX).  During the agency's initial review of applications, due to an unexplained error, the RESUMIX system failed to identify the appellant as a candidate with the requisite budget and counseling skills for the position, although her application indicated that she possessed those skills.  RAF, Tab 9 at 40-41.  Shortly after discovering the RESUMIX system error, the agency informed the appellant that her application had not been referred for further consideration due to an administrative error and that she would receive priority consideration for future GS-09 Management Analyst positions.  RAF, Tab 7 at 65.

¶4      The appellant continued to pursue her EEO complaint, and, after the agency issued a report of investigation (ROI), she requested a hearing before an Equal Employment Opportunity Commission (EEOC) administrative judge.  IAF, Tab 19 at 50; RAF, Tab 11 at 4.  On September 19, 2011, over a year after the agency issued the ROI, and after the EEOC administrative judge notified the appellant that he intended to issue a decision on her complaint without a hearing, the appellant sent a letter to the EEOC administrative judge alleging for the first time that the agency had improperly characterized her claims.[3]  PFR File, Tab 1 at

---

[2] In the agency's pleadings, it represented that the appellant's nonselection was the result of an "administrative error" that it discovered in November 2009.  *See* IAF, Tab 19 at 5; RAF, Tab 6 at 6.  However, the agency's Supervisory Human Resource Specialist submitted a sworn statement explaining that the RESUMIX error was discovered in April 2010 during the EEO investigation.  *See* RAF, Tab 9 at 40-41; *see also Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (the statements of a party's representative in a pleading do not constitute evidence).

[3] The sole copy of this letter in the record below was submitted by the appellant and was unsigned.  *See* Petition for Review (PFR) File, Tab 1 at 81-92.  However, the agency has not disputed the appellant's assertions that she submitted the letter to the EEOC administrative judge.  *See id.* at 10; *see also* Remand Petition for Review (RPFR)

81-85. Specifically, the appellant claimed that, although she was "tardy in coming to this decision," the agency had failed to recognize her intent to raise an employment practices claim. PFR File, Tab 1 at 81-85.

¶5 Ten days later, on September 29, 2011, the EEOC administrative judge issued a decision that did not address the appellant's allegations regarding an employment practices claim but, instead, found that she failed to prove her claims of discrimination in relation to the claims that the agency had accepted for investigation. IAF, Tab 24. Approximately 1 month later, on November 10, 2011, the agency issued a final agency decision (FAD) adopting the EEOC administrative judge's decision. IAF, Tab 1 at 15-16. The FAD did not indicate that the appellant had filed a mixed-case complaint[4] and did not contain Board appeal rights. *Id.* at 15-19.

¶6 Within 30 days of receiving of the FAD,[5] the appellant filed an employment practices appeal with the Board. IAF, Tab 1. The administrative judge issued an order to show cause advising the appellant of the elements and burden of proof necessary to establish jurisdiction over an employment practices claim. IAF, Tab 6. The appellant alleged that the agency failed to maintain a merit promotion plan and to use professionally-developed job analyses. IAF, Tab 4 at 4-5, Tab 10 at 4-5. The administrative judge found that, because the agency conceded that the appellant was a qualified applicant who was improperly rejected, these alleged practices were not the cause of the appellant's nonselection. IAF, Tab 14 at 3;

_____

File, Tab 1 at 8-9 (the appellant's assertions regarding the letter); PFR File, Tab 3; RPFR File, Tab 3 (the agency's responses to the appellant's petitions for review).

[4] A mixed-case complaint is one in which an appellant alleges that she has been subject to an action that is appealable to the Board and it was effected, in whole or in part, due to discrimination. *Montalvo v. U.S. Postal Service*, 91 M.S.P.R. 671, ¶ 5 (2002); 29 C.F.R. § 1614.302(a)(1).

[5] The agency represented that it mailed the FAD to the appellant on November 16, 2011. *See* RAF, Tab 6 at 9. The appellant represented that she received the FAD on November 19, 2011. IAF, Tab 1 at 2. The parties do not dispute that the appellant's December 15, 2011 Board appeal was filed within 30 days of her receipt of the FAD.

*see also* IAF, Tab 4, Tab 7 at 5, Tab 10 (the parties' submissions regarding jurisdiction). However, although not raised by the appellant, the administrative judge sua sponte found that the fact that the agency rejected the appellant's application due to an error in its automated résumé ranking system raised a nonfrivolous allegation of Board jurisdiction over her employment practices appeal entitling her to a hearing. IAF, Tab 14 at 3-4.

¶7        Shortly thereafter, prior to holding a jurisdictional hearing, the administrative judge determined that the appeal appeared to be untimely filed and issued an order advising the appellant of her burden of proof on the issue of timeliness. IAF, Tab 17. In response, the appellant argued that her Board appeal was timely because her EEO complaint was a mixed-case complaint and mixed-case procedures should apply to her Board appeal. IAF, Tab 18 at 2-3; *see* 5 C.F.R. § 1201.154(b)(1) (when an employee elects to file a mixed-case complaint with the agency, her Board appeal must be filed within 30 days of her receipt of the FAD). In an initial decision, the administrative judge found that the appellant did not raise an employment practices claim in her EEO complaint, and, therefore, the date of the issuance of the FAD could not serve to extend the deadline for filing a timely Board appeal. IAF, Tab 26, Initial Decision (ID) at 4-5. Accordingly, the administrative judge found that the appellant's appeal was untimely by 2 years, and she had not established good cause for her filing delay. ID at 4-7.

¶8        The Board granted the appellant's petition for review, finding that, regardless of whether she raised an employment practices claim in her EEO complaint, the agency was obligated to provide her with notice of the right to file an employment practices appeal with the Board and had failed to do so. PFR File, Tab 4, Remand Order at 1, 4. The Board remanded the appeal for determination of when the appellant became aware of her right to file an employment practices appeal and whether she acted with due diligence and reasonable prudence in filing her appeal thereafter. Remand Order at 4.

¶9    On remand, following submissions by the parties, the administrative judge again dismissed the appeal as untimely filed without good cause shown. RAF, Tab 12, Remand Initial Decision (RID); *see* RAF, Tabs 3, 6-11 (the parties' submissions regarding timeliness on remand). Based on the appellant's representation that she became aware that she could file an employment practices appeal with the Board in 2009, the administrative judge found that her untimeliness was not caused by the agency's failure to notify her of her appeal rights but, rather, by her belief that she had to wait until her EEO complaint was resolved before filing her Board appeal. RID at 7-8. Because the record did not provide a reasonable basis for this belief, the administrative judge found that the appellant did not establish good cause for her filing delay. RID at 8-11; *see* RAF, Tab 3 (the appellant's responses to the order to show cause on remand).

¶10   The appellant has filed a petition for review of the remand initial decision, in which she argues, among other things, that her Board appeal was timely because her EEO complaint was a mixed-case complaint and that she filed her appeal within 30 days of receiving the FAD. RPFR File, Tab 1 at 2, 5-9, 13. The agency has filed a response to the petition for review.[6] RPFR File, Tab 3.

---

[6] The agency filed its response on June 27, 2014, and mailed copies to both the appellant and her representative by June 28, 2014. RPFR File, Tab 3 at 10. Pursuant to the Board's regulations, any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the petition for review. 5 C.F.R. § 1201.114(e); *see* 5 C.F.R. § 1201.4(i)-(j), (*l*) (defining "date of service" to include the date of mailing). The Clerk of the Board advised the appellant of this deadline. RPFR File, Tab 2 at 1. However, the appellant did not file a reply to the agency's response until July 14, 2014, 6 days after the last day for timely filing had passed. *See* RPFR File, Tab 4 at 8 (an envelope showing the postmark date for the reply); *see also* 5 C.F.R. § 1201.4(j), (*l*) (the date of service by U.S. mail is determined by the postmark date). The appellant represented that her reply was untimely because her representative was on annual leave between June 30, 2014, and July 7, 2014. RPFR File, Tab 4 at 1, 7. We find that this does not establish good cause for her filing delay, especially where, as here, the Clerk previously advised the appellant of the date by which she could expect to receive the agency's response. RPFR File, Tab 2 at 1; *see Etherton v. Department of the Treasury*, 26 M.S.P.R. 588, 590 (1985) (good cause is not shown for an untimely filing where the party could have requested an extension of time

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶11 The issue of jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a proceeding. *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶ 14 (2004). The existence of Board jurisdiction is the threshold issue in adjudicating an appeal and ordinarily should be determined before reaching the issue of timeliness. *Burger v. U.S. Postal Service*, 93 M.S.P.R. 582, ¶ 44 (2003), *aff'd sub nom. Hayes v. U.S. Postal Service*, 390 F.3d 1373 (Fed. Cir. 2004). Nonetheless, where Board jurisdiction over an appeal is unresolved but the record is sufficiently developed to dismiss the appeal on timeliness grounds, an administrative judge may dismiss the appeal on those grounds without making a determination as to jurisdiction. *Popham v. U.S. Postal Service*, 50 M.S.P.R. 193, 197-98 (1991). However, where the Board clearly lacks jurisdiction over an appeal and the record suggests that the question of timeliness is close, the better practice is to address and decide the jurisdictional issue. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 16 (2007); *Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).

¶12 Here, concerning the timeliness issue, if the appellant had promptly objected to the agency's characterization of the claims accepted for investigation and asserted that she was subject to a matter appealable to the Board, her EEO complaint would be considered a mixed-case complaint for purposes of calculating the deadline for filing her Board appeal, regardless of whether the agency processed the complaint as such. *See Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶¶ 2-4, 13-15 (2014) (finding that a mixed-case appeal was timely filed after the conclusion of the EEO process, notwithstanding the agency's refusal to process the complaint as a mixed case). Instead, however, the appellant waited approximately 17 months after the agency notified her of the

---

for filing but did not do so). Accordingly, we have not considered the appellant's reply in reaching our decision in this matter.

claims accepted for investigation to assert that she intended to raise an employment practices claim. *See* RAF, Tab 11 at 62-66 (the agency's March 29, 2010 letter informing the appellant of the claims accepted for investigation); PFR File, Tab 1 at 81-92 (the appellant's September 19, 2011 letter asserting for the first time that she intended to raise an employment practices claim).

¶13 Similarly, if the EEOC or the agency had issued a final decision finding that the appellant's September 19, 2011 letter was an untimely attempt to amend her EEO complaint, mixed-case filing procedures would not apply to her Board appeal and her appeal would be untimely. *See Cloutier v. U.S. Postal Service*, 89 M.S.P.R. 411, ¶ 6 (2001) (the time limits for filing a mixed-case appeal under 5 C.F.R. § 1201.154(b) do not apply unless an EEO complaint was timely filed with the agency). However, the record below contains no evidence that either the EEOC administrative judge or the agency made any finding as to whether the appellant was attempting to amend her EEO complaint and, if so, whether such an amendment was timely. *See* IAF, Tab 1 at 15-19 (the FAD), Tab 24 (the EEOC administrative judge's decision); *see also Moore v. U.S. Postal Service*, 91 M.S.P.R. 277, ¶ 8 (2002) (an administrative judge may not dismiss an appeal as untimely filed based on the untimeliness of the appellant's formal EEO complaint absent evidence of either an FAD dismissing the EEO complaint as untimely that was not appealed to the EEOC, or a decision by the EEOC dismissing the complaint as untimely).

¶14 In light of these factors, we acknowledge that the issue of timeliness is close. Accordingly, we reserve judgement on the timeliness of the appellant's appeal and instead dismiss for lack of jurisdiction. *See Vitale*, 107 M.S.P.R. 501, ¶¶ 16, 27 (dismissing an appeal on review for lack of jurisdiction where the administrative judge dismissed the appeal as untimely, but the question of timeliness was close); *Rosell*, 100 M.S.P.R. 594, ¶¶ 6, 9 (same). We find that the record is sufficiently developed to address the issue of jurisdiction without remand. The administrative judge provided notice of the elements and burden of

proof necessary to establish jurisdiction over an employment practices claim, and the parties submitted evidence and argument regarding the issue of jurisdiction. IAF, Tab 6 (the administrative judge's notice), Tab 7, Tab 10 (the parties' submissions in response to the notice). Based upon the evidence of record, we find that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over her employment practices appeal. *See Beets v. Department of Homeland Security*, 98 M.S.P.R. 451, ¶ 9 (2005) (finding that the Board could resolve the issue of jurisdiction without a hearing where the parties submitted evidence and argument on the issue below and the undisputed evidence of record established that the Board lacked jurisdiction over the appeal).

¶15        The Board has jurisdiction over an employment practices appeal pursuant to 5 C.F.R. § 300.104(a) when two conditions are met: (1) the appeal concerns an employment practice that the Office of Personnel Management (OPM) is involved in administering; and (2) the employment practice must be alleged to have violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010). An agency's misapplication of a valid OPM requirement may constitute an employment practice appealable to the Board but only if OPM is involved in the administration of the practice in a significant way. *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 888 (Fed. Cir. 1998); *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 14 (2007), *modified on other grounds by Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008). Although the term "employment practice" is to be construed broadly, such breadth does not cover "an individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind." *Prewitt*, 133 F.3d at 887.

¶16        In the instant case, the appellant alleged that the agency manipulated the hiring process and changed the qualification criteria for the position to ensure that she was excluded from consideration. *See* IAF, Tab 4 at 3, Tab 10 at 3; *see also*

RPFR File, Tab 1 at 5-6. We find that these claims constitute a challenge to an individual selection process for a particular position with the agency, rather than the application of a rule, provision, or policy by the agency, and do not raise an employment practices claim or any other matter appealable to the Board.[7] *See Prewitt*, 133 F.3d at 887 (holding that the agency's individual error, specific to the appellant, was not an employment practice); *Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 160 (1993) (an appellant's challenges to his nonselection for a position and agency irregularities in the selection process did not raise an employment practices claim), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994) (Table).

¶17        The appellant further alleged that the agency violated 5 C.F.R. § 300.103 in failing to maintain an active merit promotion plan and to develop selection criteria based upon a professionally-developed job analysis. *See* IAF, Tab 4 at 4, 5, Tab 10 at 4-5. We find that these assertions fail to raise a nonfrivolous allegation of Board jurisdiction because the appellant did not allege that OPM was involved in administering the alleged practices at issue or that the agency's alleged wrongful actions were based upon any regulation or standard promulgated by OPM. *See Prewitt*, 133 F.3d at 888 (the Board lacked jurisdiction over an employment practices appeal where the appellant did not allege that OPM was involved in the establishment of the allegedly improper minimum qualifications for a position); *Manno v. Department of Justice*, 85 M.S.P.R. 696, ¶ 8 (2000) (the Board lacked jurisdiction over an employment practices appeal where the

---

[7] The appellant's contentions that the agency also failed to select her for a prior vacancy similarly do not raise a nonfrivolous allegation of Board jurisdiction. *See* IAF, Tab 10 at 3, Tab 15 at 2. This claim solely challenges actions of the agency and does not allege that OPM had any significant involvement in the selection processes. *See Del Galdo v. Department of the Navy*, 15 M.S.P.R. 635 (1983) (an appellant's allegations that an agency repeatedly failed to hire him did not raise an employment practices claim); *see also Prewitt*, 133 F.3d at 887-88 (to establish Board jurisdiction over an employment practices appeal, an appellant must demonstrate significant involvement by OPM in the selection process).

appellant failed to show that OPM had any involvement in mishandling his application for promotion); *cf. Sauser*, 113 M.S.P.R. 403, ¶ 8 (an agency's application of OPM's general engineer qualification standards satisfied the requirement that the employment practice be one OPM is involved in administering); *Mapstone*, 106 M.S.P.R. 691, ¶¶ 14-15 (finding that the jurisdictional requirement of OPM involvement in an alleged employment practice may have been met where the agency's decision that the appellant was not qualified was based on OPM's qualification standards and education requirements for the position series). Moreover, we agree with the administrative judge that, even assuming that the actions challenged by the appellant constituted employment practices, the Board would nevertheless lack jurisdiction over her appeal because she failed to raise a nonfrivolous allegation that they affected the processing of her application. IAF, Tab 14 at 3; *see Dow v. General Services Administration*, 590 F.3d 1338, 1342–44 (Fed. Cir. 2010) (finding that, for the Board to have jurisdiction over an employment practices claim, it is necessary that the challenged employment practice have been applied to the applicant as the basis for the adverse hiring decision). Instead, the agency conceded that the appellant should have been identified as a qualified candidate but was not, as the result of a RESUMIX system error. RAF, Tab 7 at 65, Tab 9 at 40-41.

¶18    In that regard, we disagree with the administrative judge that the agency's erroneous rejection of the appellant's application due to a RESUMIX system error raised a nonfrivolous allegation of Board jurisdiction over her employment practices appeal entitling her to a jurisdictional hearing. *See* IAF, Tab 14 at 3-4. Neither the appellant nor the agency has alleged that the RESUMIX system error occurred pursuant to or as part of any rule or practice. *See Manno*, 85 M.S.P.R. 696, ¶ 7 (an agency's alleged mishandling of an appellant's application did not raise a nonfrivolous allegation of Board jurisdiction over an employment practices appeal where he did not allege that the mishandling was pursuant to any rule or practice); *Banks*, 59 M.S.P.R. at 159-60 (an agency's failure to consider

all of an appellant's relevant education and experience and other alleged irregularities in the selection process did not constitute an employment practice). Moreover, neither the agency nor the appellant alleged that OPM had any involvement, significant or otherwise, in the RESUMIX system. *See Manno*, 85 M.S.P.R. 696, ¶ 8 (an appellant did not raise a nonfrivolous allegation of Board jurisdiction where he did not allege that OPM had any involvement in the agency's mishandling of his application). Accordingly, we find that the RESUMIX system error did not raise a nonfrivolous allegation of Board jurisdiction entitling the appellant to a jurisdictional hearing.

¶19      On review, the appellant also contends that the agency violated 5 C.F.R. § 1201.25(c), which requires the agency to submit an agency file with all of the relevant information. RPFR File, Tab 1 at 10-11, 13. However, the appellant has not identified any documents that were not already in her custody and control that the agency failed to produce or explained how their omission prejudiced her in any way. *Id.* To the extent that the appellant intends to challenge the administrative judge's adjudication of her motions to compel and motion for sanctions, she fails to specifically describe how any purported errors by the administrative judge amounted to an abuse of discretion or had any impact on the outcome of her appeal. *See* IAF, Tabs 5, 13, 15, 16 (the appellant's motions to compel and motion for sanctions), Tab 14 at 3 (the administrative judge's partial denial of the appellant's first motion to compel). Although we find that the administrative judge erred in failing to rule upon the appellant's second motion to compel and her motion for sanctions, we find that the appellant has failed to demonstrate that this error affected her substantive rights. *Mitchell v. Department of Defense*, 46 M.S.P.R. 154, 161 (1990) (declining to find that the failure to rule on a motion for sanctions was adjudicatory error absent a showing of prejudice). We further find that appellant has not otherwise established that the administrative judge committed an abuse of discretion or a procedural error that prejudiced her appeal. *See Wagner v. Environmental Protection*

*Agency*, [54 M.S.P.R. 447](), 452 (1992) (the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table); *see also Vires v. Department of the Navy*, [38 M.S.P.R. 569](), 572 (1988) (the imposition of sanctions is within the sound discretion of the administrative judge).

¶20   Finally, to the extent that the appellant argues that the administrative judge was biased and should have recused himself, we find no evidence of bias. *See* RPFR File, Tab 1 at 9, 14. Neither the prior initial decision nor the remand initial decision call into question the presumption of honesty and integrity which accompanies administrative adjudicators. *See Smith v. U.S. Postal Service*, [81 M.S.P.R. 443](), ¶¶ 4, 6 (1999) (case-related rulings do not serve as a basis for recusal).

¶21   Accordingly, for the reasons discussed above, we deny the petition for review and dismiss the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

This is the final decision of the Merit Systems Protection Board in this appeal. [5 C.F.R. § 1201.113](c). You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.