# United States Court of Appeals for the Federal Circuit

2008-3352


LARRY M. DOW,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.


Michael J. Kator, Kator, Parks & Weiser, P.L.L.C., of Washington, DC, argued for petitioner. With him on the brief was Jeremy D. Wright, of Austin, Texas.

Meredyth Cohen Havasy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel was Hillary A. Stern, Senior Trial Counsel.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3352

LARRY M. DOW,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

Petition for review of the Merit Systems Protection Board decision SF-3443-07-0415-I-2 and SF-300A-07-0502-I-2.

_____

DECIDED:  January 6, 2010

_____

Before LOURIE, FRIEDMAN, and PROST, <u>Circuit Judges</u>.

FRIEDMAN, <u>Circuit Judge</u>.

The petitioner, Larry M. Dow, appeals the decision of the Merit Systems Protection Board ("Board") dismissing, for lack of jurisdiction, his challenge to the General Services Administration ("Administration")'s refusal to hire him.  We affirm that ruling.  We also reject the government's contention that this case is moot, and deny the government's motion to remand the case to the Board to make findings relating to the mootness issue.

I

A.  While complex, the facts involved in the Administration's failure to hire Dow are undisputed.  In May 2000, the Administration issued two separate announcements

inviting applications for the position of Chief People Officer Intern. The first announcement covered only candidates who qualified under the Outstanding Scholar Program. Under this program, applicants with a qualifying undergraduate academic record were appointed to the competitive service without having to take the open competitive examination which, under 5 U.S.C. § 3304(a), applicants for appointments to that service ordinarily are required to take. The program was established under a 1981 consent decree settlement of a class action suit under Title VII of the Civil Rights Act. See Luevano v. Campbell, 93 F.R.D. 68 (D.D.C. 1981).

The second vacancy announcement, issued fifteen days later, involved a competitive examination open to "all qualified applicants." Dow, a veteran, applied for the position under the second announcement. The Veterans Employment Opportunities Act of 1998 ("Veterans Act") provides that qualifying veterans must be given preference in employment for certain government positions. See 5 U.S.C. § 3330a. Such veterans have points added to their score on the civil service examination and are listed ahead of non-preference-eligible qualified applicants. See 5 U.S.C. § 3309; 5 C.F.R. § 332.401.

Because of his preference eligible status and his rating on the civil service examination, Dow was the highest ranked candidate on the list of those eligible for appointment under the second vacancy announcement. An agency receiving such a list must select one of the three top candidates or, if it "proposes to pass over a preference eligible on a certificate in order to select an individual who is not a preference eligible," must obtain the approval of the Office of Personnel Management ("OPM") for such a pass over. See 5 U.S.C. § 3318(a)–(b)(1).

The Administration did not hire Dow, for reasons stated in Part III of this opinion. It then cancelled the second vacancy announcement, under which it had not hired anyone. Prior to rejecting Dow, the Administration had hired three people under the first announcement, all of whom presumably were selected under the Outstanding Scholar Program.

B. Dow appealed to the Board, alleging that the Administration's failure to hire him violated Part 300 of Title 5 of the Code of Federal Regulations, which governs "the employment practices of the Federal Government generally, and of individual agencies, [and] that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service." See 5 C.F.R. § 300.101. Dow asked the Board to order the agency to appoint him retroactively to the position and award him back pay, attorneys' fees and costs.

In his initial decision, which became final when the full Board refused to review it, the Board's administrative judge dismissed Dow's appeal for lack of jurisdiction. The administrative judge stated that, for the Board to have jurisdiction in this case, Dow "must allege that an employment practice that was applied to him violates a basic requirement in § 300.103," and that Dow had not made that showing.

C. Dow also filed a separate appeal to the Board challenging the Administration's refusal to hire him as violating his rights under the Veterans Act.

The Board, speaking through its administrative judge (whose initial decision became final when the full Board refused to review it), accepted Dow's contention. It held that the administration had "effectively passed over the appellant[] to select non-preference eligibles" when it filled "the position with a non-veteran who had not passed

an examination or received an exception to the need to do so, without notifying the appellant and OPM that it proposed to pass him over." The Board ordered the Administration to reconstruct its hiring process.

Dow subsequently challenged before the Board as inadequate the Administration's reconstituted hiring process. When the Board upheld the Administration's reconstitution, Dow appealed to this court, challenging that ruling. Dow v. Gen. Servs. Admin., Nos. 2009-3067, -3183. On December 16, 2009, this court granted a joint motion in that case to vacate the Board's ruling and to remand the case to the Board to determine whether the Administration's action in reconstituting the hiring process "constituted a sufficient remedy for the initial [Veterans Act] violation."

II

A. The government first contended that this case is moot in its respondent's brief, filed April 20, 2009. It argued that "Mr. Dow's only request for relief (other than attorney fees [sic] and costs) is that this Court order the agency to reconstruct the selection process for the CPO intern position," and that "[b]ecause the agency has reconstructed the selection process and offered Mr. Dow priority consideration for future CPO intern positions, his appeal is moot." In his reply brief, Dow urged that "this appeal is not moot" because his "entitlement to relief far exceeds anything he has already obtained."

On October 29, 2009, 8 days before oral argument in the present case, the government filed an unopposed motion to vacate the Board's decision and to remand the case to the Board "for additional proceedings." According to the government,

> in order to determine whether this case is moot because Mr.
> Dow has already been given all remedies available for a Part

2008-3352                                    4

300 violation, the Court needs to determine whether the reconstruction steps taken by the agency thus far would constitute a full remedy for the alleged Part 300 violation. As in the case of the [Veterans Act] appeals, this determination would require factual findings by the board, such as whether the Human Resources position tentatively offered to Mr. Dow is sufficiently similar to the internship position for which he was not selected. Accordingly, we respectfully request that the Court vacate and remand this case to the MSPB to make the requisite factual findings necessary to decide whether this appeal is moot and to take any further action that the board deems appropriate.

At oral argument, the government acknowledged that, in light of that motion and what it stated, the argument in its brief that the appeal is moot and should be dismissed as no longer viable.

B. It is important to be clear about what the government's mootness argument involves. The parties disagree over what relief may be appropriate and permissible for violation of Part 300. The government contends that reconstruction of the selection process is the only permissible relief, and that the Board's reconstruction here satisfied that requirement. Dow, on the other hand, not only challenges the reconstruction, but also apparently contends that, if he prevails on the merits, he would be entitled to an offer of the position for which he was rejected and back pay.

The scope of the proper remedy for a Part 300 violation ordinarily would arise only if the agency were found to have committed such a violation. Here, however, the Board did not even reach the merits of the violation issue because it dismissed the case for lack of jurisdiction. The questions of whether, when a Part 300 violation has been established, the applicant is entitled to an offer of the position that he was denied and the award of back pay, are significant ones on which apparently there is no directly controlling administrative or judicial precedent. Yet the government wants us (or the

Board) to decide those questions in a case in which the merits of the Part 300 violation have not been and never may be addressed—in order to rule that this case is moot.

The government's proposed procedure would turn the usual and normal course of judicial proceedings on its head. We decline to take such an extraordinary step. We will therefore deny the government's motion to vacate and remand.

On the record before us, this case is not moot. There continues to be a live controversy between the parties over whether the Administration's treatment of Dow violated Part 300 and, if it did, what relief Dow should obtain. The inquiry the government would have us institute would be particularly inappropriate here because, as we now explain, the Board correctly dismissed this case for lack of jurisdiction and therefore had no occasion even to consider the merits.

III

The Board has "only that jurisdiction conferred on it by Congress," Cruz v. Dep't of the Navy, 934 F.2d 1240, 1243 (Fed. Cir. 1991), and may entertain only those appeals authorized by law, rule or regulation, see 5 U.S.C. § 7701(a); Artmann v. Dep't of Interior, 926 F.2d 1120, 1122 (Fed. Cir. 1991). "[T]he Board does not have general, free-standing jurisdiction to address claims that an OPM employment practice is not in accordance with law." Meeker v. Merit Sys. Prot. Bd., 319 F.3d 1368, 1375 (Fed. Cir. 2003).

The Board generally does not have jurisdiction to review individual agency hiring decisions. Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 886 (Fed. Cir. 1998). There are exceptions to this limitation, however. Here, Dow invokes an OPM regulation that provides:

A candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations. 5 C.F.R. § 300.104(a).

For there to be Board jurisdiction under this provision, there must have been an "employment practice" and that "practice" must have been "applied to" the applicant by OPM. Here the government concedes—and we agree—that "[t]here is no dispute that the use of the [Outstanding Scholar Program] was an employment practice which was applied . . . by OPM."

When the government stated that the Outstanding Scholar Program had been "applied . . . by OPM," it necessarily meant only that OPM had applied the Program to Dow in the sense that it had authorized use of the Program generally in making appointments. This court has recognized that OPM's authorization of such use of the Program by an agency may constitute the application of an employment practice by OPM to an applicant for employment, within the meaning of Section 300.104(a). See Lackhouse v. Merit Sys. Prot. Bd., 773 F.2d 313, 315–316 (Fed. Cir. 1985).

That, however, is not the end of the inquiry. Before the Board could determine the merits of Dow's contention that the Administration improperly had refused to hire him because of its reliance on the Outstanding Scholar Program, it first had to determine whether such reliance was the basis for the Administration's decision. In other words, for the Board to have jurisdiction, it also was necessary that the challenged employment practice have been applied to the applicant as the basis for the adverse hiring decision. In this case the Outstanding Scholar Program must have been the reason that led the Administration to deny Dow the position he sought.

The Board recognized that this was an essential element because, speaking through its administrative judge, it referred to the evidence discussed below and concluded that "the agency in this case did not use the OSP [Outstanding Scholar Program] in order to non-select the appellant, i.e., the appellant was not non-selected because the agency utilized the OSP to hire others." As this court has stated, albeit in a non-precedential opinion, "an aggrieved candidate may pursue a claim [under 300.104(a)] if an employment practice (1) that he believes constitutes non-merit-based discrimination (2) was actually applied to him." O'Leary v. Office of Pers. Mgmt., 144 F. App'x 877, 880 (Fed. Cir. 2005).

Dow bases his claim of such a link between the Outstanding Scholar Program and his not being hired on the Administration's hiring of three people for the position under the first announcement, which was limited to those qualified under the Outstanding Scholar Program. In his opening brief, Dow stated that the Administration's "use of the Outstanding Scholar Program to select other candidates over him means that the employment practice was applied to Mr. Dow," that "[t]he employment practice of using the Outstanding Scholar Program to select candidates who failed to pass a competitive service examination over those who had passed a competitive service examination was the basis for selecting other candidates in place of Mr. Dow" and that "[s]ince other candidates were selected for positions under the Outstanding Scholar Program instead of Mr. Dow, the Agency's use of the employment practice was applied to Mr. Dow's application—that is, Mr. Dow, who was lawfully eligible for appointment to the position was rejected in favor of candidates who were unlawfully considered." In

other words, Dow contends that the Administration's hiring of applicants under the Outstanding Scholar Program was the reason it refused to hire Dow.

The record refutes this contention. It shows that the agency's reason for not hiring Dow had nothing to do with the Outstanding Scholar Program, but was based on the agency's conclusion that Dow was not suitable for the position he sought.

The Administration's decision not to hire Dow apparently was based on the negative recommendation of Kenneth Holecko, the Administration's Director of Human Resources Policy and Operations, who had interviewed Dow. The record includes a signed statement by Holecko, which gave the following explanation for his negative recommendation:

> I recommended against hiring the veteran, who was at the time of the interview, working for the Customs Service. He had some prior experience in law enforcement, but he had no experience in Human Resources or anything related to it. He could not articulate a reason why he was interested in accepting a job in Human Resources beyond the fact he wanted a promotion.

> We had already lost a couple of interns in the program because of their lack of interest in the program. I felt it would be very likely we would not be able to retain him if we selected him. Finally, I believe someone who works in a law enforcement career has a different set of aspirations than someone who works in human resources. For those reasons, I recommended against appointment.

Holecko reiterated this explanation for recommending against hiring Dow in his testimony at the administrative hearing.

There is nothing in this statement that indicates, or even suggests, that the Administration's failure to hire Dow was based upon or reflected in any way the availability of applicants qualified under the Outstanding Scholar Program. To the

contrary, the only reason Holecko gave for recommending that Dow not be hired was that Holecko did not believe that Dow was suitable for the position.

Holecko gave multiple reasons for that conclusion. There was no reason to believe that Dow had any interest or experience in human resources work; Dow was seeking the position to obtain a promotion; and if he were hired, the agency probably could not retain him. Holecko's statement, which is the only evidence in the administrative record relating to the reasons for which the Administration did not hire Dow, establishes that the agency's ability to hire other candidates who were qualified under the Outstanding Scholar Program had nothing whatever to do with its rejection of Dow's application. Indeed, there is no indication that, if there had not been the Outstanding Scholar Program, the Administration would have hired Dow.

The present case is similar to Abell v. Dep't of Navy, 343 F.3d 1378 (Fed. Cir. 2003). In that case, a preference eligible veteran contended that the Navy had violated the Veterans Act by cancelling a vacancy announcement for which he had applied and passing over him to select a non-preference eligible applicant. The Board upheld the Navy's decision, and this court affirmed.

This court pointed out that "Mr. Glagola, the recommending official in the Navy and the head of the panel that reviewed the applications . . . testified that the interviews factored into his recommendation as the selecting official and that Mr. Abell had several weaknesses in the areas of the position that were most important to the selecting officials. As a result, Mr. Glagola testified that he did not believe that Mr. Abell was qualified for the vacant position and that therefore he did not recommend that the Navy select Mr. Abell for one of the vacant positions." Id. at 1384. The court ruled that "[t]he

Navy is not required to hire a preference eligible veteran, if, as was the case here, it does not believe that the candidate is qualified or possesses the necessary experience." Id. It concluded that "[t]he Navy reasonably relied on its interview process to determine that Mr. Abell did not meet the qualifications required for the position." Id. at 1385. These rulings are equally applicable to the present case and support our conclusion that the Administration here did not rely upon the availability of applicants qualified under the Outstanding Scholar Program as a basis for rejecting Dow's application, but took that action because it concluded that Dow was not suitable for the position.

Dow contends, however, that three decisions of this court support his theory. He relies primarily on Meeker v. Merit Sys. Prot. Bd., 319 F.3d 1368 (Fed. Cir. 2003), but also cites Vesser v. Office of Pers. Mgmt., 29 F.3d 600 (Fed. Cir. 1993) and Dowd v. United States, 713 F.2d 120 (Fed. Cir. 1983). In each of those cases, this court held that the Board had jurisdiction to consider the challenged employment practice because it had been applied to deny the applicant the position he sought. For example, in Meeker, veterans who applied for administrative law judge positions challenged the government's use of a new scoring system for evaluating those candidates as violating Part 300, because it adversely affected their veterans' preference rights. This court held that in that situation the Board had jurisdiction.

The critical difference between those cases and the present one is that here the challenged employment practice (hiring applicants qualified under the Outstanding Scholar Program, who had not taken a competitive examination) had nothing to do with the Administration's rejection of Dow's application. As we have explained, the

Administration did so because it concluded he was not suitable for the position, not because of the Outstanding Scholar Program. Those cases do not aid Dow.

## CONCLUSION

The government's motion to vacate and remand is denied. The decision of the Board dismissing Dow's appeal for lack of jurisdiction is

AFFIRMED.