# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS J. LUCHAY,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
PH-3443-13-2901-I-1

DATE: August 12, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas J. Luchay</u>, Mullica Hill, New Jersey, pro se.

<u>Toya M. McLendon</u>, Esquire, West Bethesda, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant, a GS-13 Chemical Engineer, filed a Board appeal challenging a September 10, 2012 grievance decision that investigated and found without merit the appellant's assertion that the selectee for the Branch Head position "falsified his résumé/questionnaire."  Initial Appeal File (IAF), Tab 1; *see also* IAF, Tab 12 at 8-9 (grievance decision).  The appellant, in response to the agency's motion to dismiss and two orders to show cause, asserted that: (1) the agency committed a prohibited personnel practice; (2) the agency engaged in age discrimination because the selectee was 10 years younger than the appellant and other interview candidates; and (3) the Board had jurisdiction over the appeal as an employment practices appeal and a suitability determination.  *See* IAF, Tabs 5, 8, 11.  The administrative judge issued an initial decision in which he dismissed the appeal for lack of jurisdiction.  IAF, Tab 13, Initial Decision (ID).  The administrative judge determined that the appellant did not nonfrivolously allege that the agency violated an employment practice as applied to him or that the agency took a suitability action.  *See* ID at 3-5.  As to the

appellant's age discrimination claim, the administrative judge noted that the appellant's "bare" claim did not make the action appealable as an employment practice pursuant to 5 C.F.R. § 300.104(a) and that the Board lacks jurisdiction over a discrimination claim absent jurisdiction over the appeal under some other basis. *See* ID at 4 n.2. The administrative judge also noted that the Board lacked jurisdiction over the appellant's claim that the agency action violated the merit system principles. *See* ID at 2 n.1. Finally, the administrative judge concluded that, even if the appellant met the other jurisdictional requirements for appealing a grievance decision and the subject matter was grievable, the Board lacked the authority to review the grievance decision because it was not a final decision. *See* ID at 6 n.3 (stating that Article 10, Section 2d of the labor management agreement specifically excluded examination, certification, or appointment from the grievance procedures).

¶3 The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply. *See* Petition For Review (PFR) File, Tabs 1, 3-4. On review, the appellant argues that the Board has jurisdiction over this appeal under employment practices and suitability theories.

¶4 We discern no error with the administrative judge's conclusion that the Board lacks jurisdiction over this matter as an employment practices appeal. Indeed, the appellant has not identified, as required by 5 C.F.R. § 300.104(a), any alleged employment practice applied to him. ID at 4; *see Dow v. General Services Administration*, 590 F.3d 1338, 1342-44 (Fed. Cir. 2010) (stating that, in order for the Board to have jurisdiction, it is "necessary that the challenged employment practice have been applied to the applicant as the basis for the adverse hiring decision," and concluding that the alleged employment practice, the Outstanding Scholar Program, was not the basis for Mr. Dow's nonselection); 5 C.F.R. § 300.104(a) ("A candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 is entitled to appeal to the

Merit Systems Protection Board under the provisions of its regulations."). The appellant's assertion that his scores and the scores of other candidates were "intentionally deflated" as compared to the selectee, PFR File, Tab 1 at 8, does not constitute a nonfrivolous allegation of an employment practice that was applied to him, *see Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 160 (1993) (the Board lacks jurisdiction over the appellant's challenge to his nonselection and the agency's alleged irregularities in the selection process), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994); *see also Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998) (holding that "an individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind does not qualify as an 'employment practice'").

¶5        The appellant's brief discussion of *McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443 (2008), at PFR File, Tab 1 at 10, is not persuasive because the Board, in that matter, discussed an individual right of action (IRA) appeal, which involves a different jurisdictional burden, *see, e.g.*, *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (explaining that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the Office of Special Counsel and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action).

¶6        We also discern no error with the administrative judge's conclusion that the Board lacks jurisdiction over this matter as a suitability appeal.  The appellant appears to concede on review that there is no evidence that the Office of Personnel Management (OPM) or the agency, pursuant to delegated authority from OPM, took a suitability action.  *See* PFR File, Tab 1 at 5 ("Under 5 [C.F.R.] § 1201.3(a)(9) [which discusses suitability actions], the [administrative judge] and I are in agreement that jurisdiction under this statute does not apply in this case.").  The appellant appears to argue, however, that the agency's investigation

of his allegation that the selectee falsified his résumé or application qualifies as a specific factor for making a suitability determination pursuant to 5 C.F.R. § 731.202(b), and he therefore nonfrivolously alleged that the agency made a suitability determination. *See id.* at 12. We find this argument unpersuasive. Under 5 C.F.R. § 731.202(b), a "[m]aterial, intentional false statement, or deception or fraud in examination or appointment" is a factor to be considered as a basis for making a suitability determination; however, the appellant's allegation that the selectee falsified his application materials and the agency's apparent investigation of that allegation does not automatically convert his claim into an appealable suitability action.[2]

¶7        The appellant also asserts on review that the administrative judge's suitability analysis does not address the Board's decision in *National Treasury Employees Union v. Office of Personnel Management*, 118 M.S.P.R. 83 (2012). PFR File, Tab 1 at 13. He states that this case stands for the proposition that the Board's statutory jurisdiction extends to other suitability actions such as debarment and cancellation of eligibilities because, in conjunction with removal actions, these actions lie outside the Board's jurisdiction as components of a unitary penalty arising from the same underlying misconduct. *See id*. The appellant further asserts that the "underlying misconduct" in this case is a prohibited personnel practice. *Id.* This argument is not persuasive. The *National Treasury Employees Union* case does not stand for the proposition cited by the appellant. Rather, the Board extended its jurisdiction to a review of such suitability actions in the context of a removal in *Aguzie v. Office of Personnel*

---

[2] Even if we were to determine that the agency's investigation of the appellant's allegation that the selectee falsified his application materials somehow satisfied the criteria for making a suitability determination as described in 5 C.F.R. § 731.202(b), the appellant's nonselection for a specific position does not constitute a suitability action even if it is based on reasons set forth in 5 C.F.R. § 731.202. *See* 5 C.F.R. § 731.203(b); *see Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 8 (2009).

*Management*, [116 M.S.P.R. 64](link), ¶ 34 (2011). The Board's analysis in *Aguzie* does not govern our disposition in this matter because, here, there is no chapter 75 action, such as a removal or suspension of more than 14 days, from which the Board has statutory jurisdiction. *See* [5 U.S.C. §§ 7512](link), 7513(d). Moreover, the appellant's allegation that the agency committed a prohibited personnel practice is not an independent source of Board jurisdiction. *See Wren v. Department of the Army*, [2 M.S.P.R. 1](link), 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶8      On review, the appellant reiterates that his February 1, 2012 grievance was not pursuant to collective bargaining procedures. PFR File, Tab 1 at 12; *see* IAF, Tab 11 at 7-8 (explaining that the form he used to file his grievance was not the form for filing collective bargaining agreement procedures). The appellant has not persuaded us that this fact, even if true, warrants a different outcome on the jurisdictional issue.

¶9      Also on review, the appellant includes a February 1, 2012 grievance form, a December 21, 2011 Freedom of Information Act response, and "[e]xamples of falsification and lack of qualifications" of the selectee. PFR File, Tab 1 at 4, 14-59. These documents were either in the record below and do not constitute new evidence or they do not change the outcome on review. *See Russo v. Veterans Administration*, [3 M.S.P.R. 345](link), 349 (1980); *Meier v. Department of the Interior*, [3 M.S.P.R. 247](link), 256 (1980).

¶10      In light of our disposition, we need not address the timeliness of the appellant's appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.