NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS J. LUCHAY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3010

---

Petition for review of the Merit Systems Protection Board in No. PH-3443-13-2901-I-1.

---

Decided: October 13, 2015

---

THOMAS J. LUCHAY, Mullica Hill, NJ, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, CLEVENGER, and MOORE, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Thomas J. Luchay appeals the decision of the Merit Systems Protection Board (MSPB or Board) dismissing his appeal of non-selection for a position of Branch Head in the Department of the Navy.[1]  We affirm the Board's decision.

## DISCUSSION

Mr. Luchay was employed by the Navy as a Chemical Engineer, grade GS-13.  In 2011 he applied for the advertised position of Branch Head.  He was not selected for the position and subsequently filed a grievance, stating that the person who was selected did not meet the qualifications for the position and had falsified the qualifications stated on his résumé.

Mr. Luchay and his union representative met with the Commanding Officer of the section who explained that "matters regarding any examination, certification, or appointment are specifically excluded from the grievance and arbitration procedures," in accordance with the Labor Management Agreement.  Grievance Dec. on Command Level Review, Sept. 10, 2012, at 1.  However, the Commanding Officer had initiated an inquiry into the allegation of falsification of records.  The Commanding Officer issued a decision on the grievance, stating that the person who was selected did not provide inaccuracies and that his qualifications had been substantiated.  The Officer concluded that he "was properly certified for the Code 650 Branch Head position." *Id.* at 2.

Mr. Luchay appealed to the MSPB, stating: that the Navy had committed a prohibited personnel practice; that the Navy engaged in age discrimination because the

---

[1]     *Luchay v. Department of the Navy*, No. PH–3443–13–2901–I–1 (M.S.P.B. Aug. 12, 2014).

person selected was ten years younger than the other candidates; and that this was an appealable action because it was an appeal of a suitability determination.

The MSPB Administrative Judge (AJ) ruled that the Navy had not violated an employment practice as applied to Mr. Luchay and that the Navy did not take a suitability action against Mr. Luchay. The AJ explained that the Board lacks jurisdiction to review an applicant's non-selection based on alleged irregularities in the selection process, absent jurisdiction of the appeal of non-selection on an authorized ground. The AJ also held that Mr. Luchay's claim of age discrimination, of itself, is not appealable to the MSPB; the Board by footnote mentioned that discrimination claims may be taken to the EEOC.

Mr. Luchay appealed to the Federal Circuit. On initial screening, the court observed the discrimination claim and notified Mr. Luchay that the Federal Circuit does not have jurisdiction of MSPB rulings on discrimination claims. Mr. Luchay then dropped the discrimination issue from this appeal.

MSPB jurisdiction "is limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a)). The non-selection of an applicant for a federal position is generally not appealable to the MSPB. *Id.* However, an applicant who believes that an employment practice applied to him violates 5 C.F.R. § 300.103 is generally entitled to appeal to the Board. *See* 5 C.F.R. § 300.104(a); *Meeker v. Merit Syss. Prot. Bd.*, 319 F.3d 1368, 1373 (Fed. Cir. 2003); *Mapstone v. Dep't of the Interior*, 110 M.S.P.R. 122 (2008). The applicant must show that "there must have been an 'employment practice' and that 'practice' must have been 'applied to' the applicant by the OPM." *Dow v. Gen. Servs. Admin.*, 590 F.3d 1338, 1342 (Fed. Cir. 2010) (*quoting* 5 C.F.R. § 300.104(a)).

Mr. Luchay argues that his appeal meets the requirements for MSPB appeal, challenging the Navy's alleged "employment practice" of inflating the test scores of the person who was selected for the Branch Head position and deflating the scores of all other applicants, including himself. Mr. Luchay states: "I cannot state who would have actually scored the highest if the process fairly considered the merits and job qualifications," Pet'r's Br. 3, but he argues that the Navy's scoring system affected him, thus meeting the regulatory requirement for appeal in that the allegedly improper employment practice "was applied to him or her." 5 C.F.R. § 300.104(a); *see Dow v. GSA,* 590 F.3d at 1342 (stating that for the Board to have jurisdiction it is "necessary that the challenged employment practice have been applied to the applicant as the basis for the adverse hiring decision").

An agency's manipulation of test scores may indeed constitute an improper "employment practice." However, the Navy stated to the MSPB that there was no evidence that this practice was applied to reduce Mr. Luchay's score or raise the selectee's score, and we have been directed to no support for Mr. Luchay's allegation. The AJ, as affirmed by the Board, found that this jurisdictional ground did not exist. We discern no error in that finding.

The AJ also considered the jurisdictional aspect of the asserted "suitability action," as set forth in 5 C.F.R. § 731.501(a) ("When OPM or an agency acting under delegated authority under this part takes a suitability action against a person, that person may appeal the action to the Merit Systems Protection Board . . . ."). A suitability action is defined in 5 C.F.R. § 1201.3(a)(9) as:

> Action based on suitability determinations, which relate to an individual's character or conduct that may have an impact on the integrity or efficiency of the service. Suitability actions include the can-

cellation of eligibility, removal, cancellation of re-instatement eligibility, and debarment.

*See also* 5 C.F.R. § 731.202(b) (criteria for making suitability determinations); § 731.501(a) (a suitability action may be appealed to the Merit Systems Protection Board); § 731.203(b) ("(b) A non-selection, or cancellation of eligibility for a specific position based on an objection to an eligible or pass over of a preference eligible under 5 CFR 332.406, is not a suitability action even if it is based on reasons set forth in § 731.202"), § 731.202(b)("(1) Misconduct or negligence in employment; (2) Criminal or dishonest conduct; (3) Material, intentional false statement, or deception or fraud in examination or appointment; (4) Refusal to furnish testimony as required by § 5.4 of this chapter; (5) Alcohol abuse …; (6) Illegal use of narcotics …; (7) Any statutory or regulatory bar which prevents the lawful employment of the person involved in the position in question."). The Board correctly held that non-selection is not a suitability action, even if based on the reasons defined in the Regulations. *Upshaw v. Consumer Product Safety Commission,* 111 M.S.P.R. 236, 240 (2007). The Board's ruling conforms to statute, regulation, and precedent, and is affirmed.

Mr. Luchay suggests that the Navy's investigation of his allegation that the person selected falsified his application qualifies as a suitability determination pursuant to 5 C.F.R. § 731.202(b). He states: "The issue of suitability is a factor in my employment practices allegation. If the selectee is shown to have falsified his application, and is determined to be ineligible, then the question of how he was rated highest needs to be examined closely." Pet'r's Br. 7. Under § 731.202(b)(3), a "material, intentional false statement, or deception or fraud in examination or appointment" is a factor to be considered as a basis for making suitability determinations.

Mr. Luchay states that he "provided examples that demonstrated that his scoring was inflated," Pet'r Br. 2. However, the Navy's investigation reached a contrary conclusion. We discern no error in the Board's determination that Mr. Luchay was not the target of a suitability action. Indeed, Mr. Luchay agrees with this point, conceding that: "Under 5 C.F.R. § 1201.3(a)(9) which discusses suitability actions, the administrative judge and I are in agreement that jurisdiction under this statute does not apply in this case."

Mr. Luchay states that "As a minimum . . . I should be granted discovery to obtain additional evidence to support my case." Reply Br. 7. The Board declined discovery. In view of the absence of any threshold of support for Mr. Luchay's allegations, we conclude that the Board acted within its discretion. *See Parker v. Dept. of Hous. and Urban Dev.*, 106 M.S.P.R. 329, 332 (2007) ("An AJ has wide discretion over matters pertaining to discovery, and the Board will not reverse his rulings on discovery matters absent an abuse of discretion.") (citing *Wagner v. Envtl. Prot. Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993)).

## CONCLUSION

We have considered all of Mr. Luchay's arguments. We conclude that the Board did not err or exceed its discretionary authority in holding that Mr. Luchay had not established entitlement to appeal his non-selection for the position of Branch Head. The appeal was properly dismissed.

No costs.

**AFFIRMED**