# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID J. HUERTA,
    Appellant,

    v.

DEPARTMENT OF HOMELAND
 SECURITY,
    Agency.

DOCKET NUMBER
SF-3443-16-0173-I-1

DATE: May 5, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

David J. Huerta, San Marcos, California, pro se.

Paul E. Gleason, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his employment practices appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        In this appeal, the appellant challenged his nonselection for several criminal investigator positions.  Initial Appeal File (IAF), Tab 1.  Although he claimed eligibility for veterans' preference, he specifically indicated that neither the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) nor the Veterans Employment Opportunities Act of 1998 was applicable to his appeal.  *Id.* at 1, 4.  He also indicated that he had not filed a whistleblowing complaint with the Office of Special Counsel.  *Id.* at 4.  He included the notice of results, which the agency sent him regarding two of the positions at issue.  *Id.* at 6-7.

¶3        In his acknowledgment order, the administrative judge gave the appellant comprehensive notice of the elements and burdens of establishing jurisdiction over a nonselection, including an action alleging that an employment practice applied to him by the Office of Personnel Management (OPM) violated one of the basic requirements for employment practices set forth in 5 C.F.R. § 300.103(a).  IAF, Tab 2 at 2-4 & n.3.  In response, the appellant argued that he received three different ratings for the same position and grade and contended that, in doing so, the agency applied an employment practice to him that violated the basic

requirements for employment practices set forth in 5 C.F.R. § 300.103(a). IAF, Tab 4 at 3. The agency moved to dismiss the appeal for lack of jurisdiction, and the appellant responded in opposition to the agency's motion. IAF, Tabs 7-8.

¶4        Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction because the appellant failed to identify the employment practice at issue, to assert that OPM was involved in its administration, or to identify the basic requirement of 5 C.F.R. § 300.103 that the employment practice allegedly violated. IAF, Tab 9, Initial Decision (ID) at 3. In his petition for review, the appellant argues that the agency changed the cutoff point for the best qualified score in order to select its preferred applicants. Petition for Review (PFR) File, Tab 1 at 3. He cites OPM's administration of the USAJOBS website as evidence that OPM applied the employment practice to him. *Id.* The agency responds in opposition. PFR File, Tab 3.

¶5        An applicant for employment who believes that an employment practice applied to him by OPM violates a basic requirement set forth in 5 C.F.R. § 300.103 is entitled to appeal to the Board. 5 C.F.R. § 300.104(a). The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met: first, the appeal must concern an employment practice that OPM is involved in administering; and second, the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *E.g.*, *Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1373 (Fed. Cir. 2003); *Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008).

¶6        An "employment practice" includes "the development and use of examinations, qualification standards, tests, and other measurement instruments." 5 C.F.R. § 300.101. However, the Board has consistently held that its jurisdiction in this area does not extend to appeals of an individual's score on a particular examination. *See Dow v. Office of Personnel Management*, 68 M.S.P.R. 285, 288 (1995); *Beam v. Office of Personnel Management*, 61 M.S.P.R. 54, 59-60 (1994);

*Langster v. Department of Health & Human Services*, 30 M.S.P.R. 435, 437 n.2 (1986).  Rather, the Board's jurisdiction is limited to claims that an "employment practice" is generally applied in a discriminatory fashion or is inherently biased against a certain group of individuals.  *See Dow*, 68 M.S.P.R. at 289.

¶7        Additionally, as noted above, OPM must have "applied" an employment practice to a candidate for the Board to have jurisdiction over an employment practices appeal.  *Dow v. General Services Administration*, 590 F.3d 1338, 1342 (Fed. Cir. 2010); 5 C.F.R. § 300.104(a).    In certain circumstances, OPM's involvement in an agency's selection process may be sufficient to characterize a nonselection action by that agency as a practice applied by OPM.  *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 888 (Fed. Cir. 1998).  For that prerequisite to be satisfied, however, OPM's involvement in the selection process must be significant.  *Id.*  On that issue, we agree with the administrative judge that the appellant failed to assert below that OPM was involved significantly in the administration of any part of this selection process.  ID at 3.

¶8        We also agree with the administrative judge that the appellant failed to identify the employment practice at issue or the basic requirement of 5 C.F.R. § 300.103, which that employment practice allegedly violated.  ID at 3.  Although the appellant claims on review that the agency changed the cutoff point for the best qualified cohort in order to select preferred candidates, he did not make this argument below.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant makes no such showing.  Instead, he argued below that the agency gave him three different ratings for the same job position and grade.  IAF, Tab 8 at 3.  As noted above, the Board's employment practices jurisdiction does not extend to the review of an individual's score on a particular examination.  *See, e.g.*, *Dow*, 68 M.S.P.R. at 288.  Moreover, because each of the appellant's scores was based

on his individual responses to each separate vacancy announcement, a small variation in his scores on each application could be expected.

¶9      Based on the foregoing, we affirm the initial decision that dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:      _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.