**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TUROKA BELL HUDSON,
          Appellant,

DOCKET NUMBER
AT-3443-24-0537-I-1

          v.

DEPARTMENT OF THE ARMY,
          Agency.

DATE: May 27, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jean Hansen, Fort Novosel, Alabama, for the appellant.

Kristine Hale Bell, Esquire, Fort Eustis, Virginia, for the agency.

Christopher Mark Kaminski, Esquire, Fort Rucker, Alabama,
     for the agency.

David V. Natvig, Esquire, Fort Novosel, Alabama, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her employment practices appeal for lack of jurisdiction. On petition for review, the appellant asserts that the administrative judge did not consider as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

an employment practice the agency's failure to consider whether the selectee met time in grade requirements, the agency committed harmful error, and she is entitled to a hearing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's assertion regarding time in grade requirements, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

An applicant for employment who believes that an employment practice applied to her by the Office of Personnel Management (OPM) violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010); 5 C.F.R. § 300.104(a). The Board has jurisdiction over an employment practices appeal when two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering[2]; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic

---

[2] OPM need not be immediately involved in the practice in question; rather, an agency's misapplication of a valid OPM requirement may constitute an employment practice. *Sauser*, 113 M.S.P.R. 403, ¶ 7.

requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser*, 113 M.S.P.R. 403, ¶ 6. Those requirements consist of a job analysis (to identify the basic duties and responsibilities, the knowledge, skills, and abilities required to perform the duties and responsibilities, and the factors that are important in evaluating candidates), a rational relationship between performance in the position and the employment practice used, and equal employment opportunity with no prohibited forms of discrimination. 5 C.F.R. § 300.103(a)-(c).

On petition for review, the appellant asserts that the administrative judge failed to address her assertion that the selectee, who was also her GS-9 coworker, did not have the requisite time in grade, pursuant to 5 C.F.R. § 300.604,[3] when she was selected for the GS-12 position at issue. Petition for Review (PFR) File, Tab 1 at 6-7 (discussing *Dowd v. United States*, 713 F.2d 720 (Fed. Cir. 1983)). She contends that the agency's employment practice in this regard did not constitute a proper job analysis and denied her fair and equitable treatment. *Id.* at 7-8. The appellant made similar assertions in her initial appeal regarding time in grade requirements, which the administrative judge did not address in the initial decision. Initial Appeal File (IAF), Tab 1 at 10, Tab 12 at 5. Any error by the administrative judge in failing to address these specific assertions in the initial decision is not prejudicial to the appellant and does not warrant a different outcome. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

The U.S. Court of Appeals for the Federal Circuit has determined that an agency's alleged misapplication of a valid OPM requirement, like time in grade restrictions under 5 C.F.R. §§ 300.601-300.605, constitutes an employment practice. *Dowd,* 713 F.2d at 724; *Maule v. Office of Personnel Management*, 40 M.S.P.R. 388, 393 (1989). Here, however, the appellant has not nonfrivolously alleged that any employment practice was misapplied *to her*. To

---

[3] The regulation at 5 C.F.R. § 300.604(a) states that "[c]andidates for advancement to a position at GS-12 and above must have completed a minimum of 52 weeks in positions no more than one grade lower (or equivalent) than the position to be filled."

the contrary, she asserts that the time in grade requirements should have been applied *to the selectee*. Therefore, her assertion is not persuasive. *See Dow v. General Services Administration*, 590 F.3d 1338, 1342 (Fed. Cir. 2010) (explaining that for the Board to have jurisdiction over an employment practices appeal, it was "necessary that the challenged employment practice have been applied to the applicant as the basis for the adverse hiring decision"); 5 C.F.R. § 300.104(a) (stating that an applicant is entitled to relief from an unlawful employment practice that "was applied to . . . her").

The appellant's allegation in this regard is nearly identical to the allegation in *Brady v. Department of Homeland Security*, MSPB Docket No. DA-3443-12-0017-I-1, Final Order at 3 (Sept. 18, 2012). There, Mr. Brady challenged an employment practice applied to the selectee, and he claimed that the selectee did not have the requisite time in grade when he was selected for the vacancy at issue. *Id.* The Board concluded that Mr. Brady did not nonfrivolously allege that the employment practice was misapplied to him, and he did not satisfy his jurisdictional burden with respect to his employment practices claim. *Id.* Although we are not required to follow the Board's nonprecedential decision in *Brady*, 5 C.F.R. § 1201.117(c), we find that the Board's reasoning is persuasive. Accordingly, we find that the Board lacks jurisdiction over this appeal because the appellant has not nonfrivolously alleged that any employment practice was misapplied to her.

On review, the appellant also asserts that she was entitled to a hearing. PFR File, Tab 1 at 5-6. An appellant is entitled to a hearing in an employment practices case only when she makes a nonfrivolous allegation of jurisdiction. *Sauser*, 113 M.S.P.R. 403, ¶ 6. The administrative judge properly did not hold a hearing on the merits because the appellant did not establish jurisdiction in this regard. IAF, Tab 14. Finally, the Board lacks jurisdiction over her harmful

procedural error claim absent an otherwise appealable action.[4]  PFR File, Tab 1 at 8; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] Because we dismiss the appeal for lack of jurisdiction, we need not address the agency's assertions regarding the timeliness of the appeal.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2);  *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.