# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS H. WHIPPLE,

      Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
NY-3443-15-0286-I-1

DATE: February 2, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas H. Whipple, Canandaigua, New York, pro se.

Georgette Gonzales-Snyder, Esquire, Syracuse, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we AFFIRM the initial decision except as to the administrative judge's alternative finding that the appellant had elected to pursue a grievance remedy, which we VACATE.

## BACKGROUND

¶2      The appellant is a WG-8 Pipefitter at the Canandaigua Veterans Affairs Medical Center in Canandaigua, New York. Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 4. On June 17, 2015, the agency posted a job vacancy announcement for a Utility Systems Operator (Water Treatment) position. IAF, Tab 1 at 5, Tab 4 at 4. The agency made an oral job offer to a WG-10 Pipefitter who initially accepted, but later declined the offer. IAF, Tab 4 at 4. On July 13, 2015, the appellant filed a grievance based on the agency's job announcement for "[i]mproper [c]lassification and [d]enial of [p]romotion [p]otential."[2] IAF, Tab 1 at 4, Tab 4 at 6, 8.

¶3      The appellant subsequently filed an appeal with the Board and requested a hearing. IAF, Tab 1. He indicated that he was appealing violations of merit

---

[2] To the extent that the appellant is alleging that the position was improperly classified, we find that the Board lacks jurisdiction over that claim. *See Grigsby v. Department of the Army*, 45 M.S.P.R. 151, 154 (1990) (observing that the Board generally does not have jurisdiction over appeals arising from position classification disputes).

system principles 1 and 2. *Id.* at 3. He also asserted that the agency's selection of an individual who, like the appellant, did not meet the qualifications of the standards of the position was unfair and denied him promotion potential. *Id.* at 5. However, he did not allege that he applied for the position. IAF, Tab 1, Tab 4 at 5, 8. In an acknowledgement order, the administrative judge informed the appellant that the Board may not have jurisdiction over his appeal and apprised him of the burdens of proving jurisdiction over a nonselection action. IAF, Tab 2 at 2. She also ordered the appellant to file evidence and argument on the jurisdictional issue. *Id.* The appellant did not respond.

¶4    Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1, 5-6. Specifically, she found that the Board lacks jurisdiction over the appellant's nonselection and claims of violations of merit system principles. ID at 3-6. She further found that the appellant cannot file a Board appeal of his nonselection because he already elected to challenge the action through the negotiated grievance process. ID at 5-6 n.*.

¶5    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[3] 5 C.F.R. § 1201.56(b)(2)(i)(A). Generally, if an appellant makes a nonfrivolous allegation[4] of Board jurisdiction over an appeal, he is entitled to a jurisdictional hearing. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). The Board's

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).

¶7        As the administrative judge properly found, the appellant failed to make a nonfrivolous allegation of Board jurisdiction over the appeal of his nonselection and claims of violations of merit system principles. ID at 3-6. The appellant does not challenge these well-reasoned findings on review, and we decline to disturb them here. IAF, Tab 1 at 3, 5, Tab 4 at 4-5; *see Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶¶ 5-6, 9, 12 (2007) (finding that the Board lacks direct jurisdiction over an employee's nonselection for a position); *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 15 (2007) (finding that the merit system principles are not an independent source of Board jurisdiction). Instead, the appellant argues that the agency's recruitment process violated the basic requirements for employment practices under 5 C.F.R. § 300.103.[5] PFR File, Tab 1 at 1-3.

¶8        The Board has jurisdiction over an employment practices appeal when the following two conditions are met: (1) the appeal concerns an employment practice that the Office of Personnel Management (OPM) is involved in administering; and (2) the appellant alleges that the employment practice violated one of the "basic requirements" for employment practices in 5 C.F.R. § 300.103. *Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1373 (Fed. Cir. 2003);

---

[5] The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *see* 5 C.F.R. § 1201.115(d). However, given the appellant's pro se status, we interpret his initial arguments liberally by assuming that he made an employment practices claim below. *See, e.g.*, *Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (observing that parties without legal representation are not required to plead issues with precision), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table); *see also Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985) (finding that the issue of Board jurisdiction may be raised at any time during a proceeding).

*Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008); *see* 5 C.F.R. § 300.104(a). Additionally, OPM must have "applied" an employment practice to a candidate for the Board to have jurisdiction over an employment practices appeal. *Dow v. General Services Administration*, 590 F.3d 1338, 1342 (Fed. Cir. 2010); 5 C.F.R. § 300.104(a). Here, we find that the appellant has not made a nonfrivolous allegation that OPM applied an employment practice to him because he does not contend that he applied for the position. PFR File, Tab 1; IAF, Tab 1, Tab 4 at 5, 8.[6]

¶9        Next, the appellant argues he was improperly precluded from engaging in discovery because the agency failed to respond to his discovery request regarding his employment practices claim. PFR File, Tab 1 at 1-2. An appellant may request discovery of relevant materials to help him meet his burden of establishing the Board's jurisdiction. *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007). The appellant, however, did not file a motion to compel, and thus he is precluded from raising this issue for the first time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

¶10       For these reasons, we agree with the administrative judge's finding that the appellant failed to make a nonfrivolous claim of Board jurisdiction and we affirm the initial decision in this regard.[7]

---

[6] Ordinarily, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, however, the appellant's vague assertions below regarding his employment practices claim did not trigger a duty on the part of the administrative judge to provide him with his burden of proof over this claim. IAF, Tab 1 at 5; *cf. Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶¶ 7-8 (2007) (remanding the appeal for the administrative judge to provide the appellant with *Burgess* notice on his employment practices claim where he clearly raised this claim below).

[7] Although the administrative judge found that the appellant cannot file a Board appeal because he elected to file a grievance, the record does not contain the specific terms of the collective bargaining agreement (CBA) that supposedly covers his nonselection for

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

the position.  ID at 5-6 n.*.  Regardless, we vacate this alternative finding.  Pursuant to 5 U.S.C. § 7121, the CBA procedure is the exclusive administrative procedure for resolving grievances that fall within its purview.  For certain matters, employees may elect between filing a Board appeal or grievance under 5 U.S.C. § 7121(d)-(e), (g).  The nonselection at issue here, however, is not a matter covered under subsections (d), (e), or (g).

        If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.