# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY S. SONNEGA,
               Appellant,

        v.

DEPARTMENT OF JUSTICE,
               Agency.

DOCKET NUMBER
SF-3443-16-0292-I-1

DATE: September 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Elbridge W. Smith, Esquire, Honolulu, Hawaii, for the appellant.

Alicia Vasquez, Esquire, Grand Prairie, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his employment practices appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant, a GS-13 Psychologist in the agency's Bureau of Prisons (BOP) drug abuse program, applied for a GS‑14 School Psychologist position with BOP under vacancy announcement number CO-2016-0021. Initial Appeal File (IAF), Tab 1 at 1, Tab 13 at 12-17. On or about November 16, 2015, the agency's staffing unit determined that the appellant was not qualified for the position because he had fewer than 12 months of specialized experience.[2] IAF, Tab 13 at 19‑20. On or about December 11, 2015, the appellant initiated a grievance concerning his nonselection, and, on February 2, 2016, the agency "procedurally rejected" as untimely filed and "substantively denied" his grievance. *Id.* at 21, 23‑24. On February 17, 2016, the appellant appealed his nonselection to the Board, arguing that the agency committed "harmful

---

[2] Specifically, the staffing unit determined that the appellant lacked the requisite specialized experience in areas "such as administering/developing intellectual assessments, achievement test and specialized education interventions within an educational organization or penal system, [] diagnosing learning disabilities, and experience providing direct oversight and technical expertise to administrators and/or top level executives and [] writing/developing polic[i]es and procedures for individuals with learning disabilities." IAF, Tab 13 at 19‑20.

procedural error" by failing to find that he was qualified for the position and by failing to properly handle and decide his grievance. IAF, Tab 1 at 1, 5. The appellant requested a hearing. *Id.* at 2.

¶3     In an acknowledgment order, the administrative judge notified the appellant that the Board may not have jurisdiction over his nonselection and provided the five exceptions to the general rule that an unsuccessful candidate for a civil service job has no right to appeal his nonselection to the Board. IAF, Tab 2 at 2-9. In relevant part, the administrative judge explained that an applicant for employment or competitive promotion in the competitive service who believes that an employment practice applied to him by the Office of Personnel Management (OPM) violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board under 5 C.F.R. § 300.104(a). *Id.* at 9. In response, the appellant asserted that the agency had violated "one of the basic requirements for employment practices" and "improperly disqualified" him by failing to acknowledge his qualifying experience. IAF, Tab 4 at 3. The appellant also reasserted his contention that the agency failed to properly handle and decide his grievance. *Id.* The agency moved to dismiss the appeal for lack of jurisdiction.[3] IAF, Tab 13.

¶4     Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID). The appellant has filed a petition for review of the initial decision, and the agency has

---

[3] The appellant's response to the agency's March 9, 2016 motion to dismiss was due by March 18, 2016. IAF, Tab 12 at 3, Tab 13. On March 23, 2016, the appellant untimely filed his response to the agency's motion to dismiss. IAF, Tab 14. Because the appellant failed to show that the material submitted was not readily available before the record closed or provide any explanation for his untimely filing, the administrative judge declined to consider the appellant's pleading in rendering his decision on the Board's jurisdiction. IAF, Tab 16, Initial Decision (ID) at 7 n.2. The administrative judge further noted that, even if he were to consider the appellant's untimely pleading, the outcome would be the same. ID at 13 n.5. On review, the appellant does not challenge the administrative judge's decision not to consider his untimely pleading, and we discern no error in this regard. Petition for Review File, Tab 1.

responded in opposition to the appellant's petition for review. Petition for Review (PFR) File, Tabs 1, 4.

¶5      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, a nonselection is not directly appealable to the Board. *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998). As the administrative judge correctly informed the appellant, however, an applicant for employment who believes that an employment practice applied to him by OPM violates a basic requirement set forth in 5 C.F.R. § 300.103 is entitled to appeal to the Board. 5 C.F.R. § 300.104(a). The Board has jurisdiction over an employment practices appeal when two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010).

¶6      In the initial decision, the administrative judge found that the Board lacked jurisdiction over the appellant's employment practices claim because he failed to show that the agency's action was an appealable employment practice or that OPM had any involvement in the agency's action, and failed to nonfrivolously allege that the agency misapplied an OPM requirement or violated any of the basic requirements in 5 C.F.R. § 300.103. ID at 10-14. For the reasons that follow, we agree with these findings.

¶7      An "employment practice" is defined as those practices "that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion," and includes "the development and use of examinations, qualification standards, tests, and other measurement instruments." 5 C.F.R. § 300.101. Although the concept of an employment practice is to be construed broadly, an individual agency action or decision that

is not a rule or practice of some kind does not qualify as an employment practice. *Prewitt*, 133 F.3d at 887; *Sauser*, 113 M.S.P.R. 403, ¶ 7. In particular, allegations that an agency did not fully consider a specific candidate's relevant experience or other similar alleged irregularities in the selection process do not constitute appealable employment practices. *See Prewitt*, 133 F.3d at 887; *Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 160 (1993), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994) (Table).

¶8        Here, the appellant argued below that the agency "failed to acknowledge over 3,000 hours of my qualifying experience and arbitrarily dismissed my candidacy without crediting my years of experience." IAF, Tab 4 at 3. However, as the administrative judge correctly found, the appellant's allegation that the agency failed to consider his qualifying experience in finding him not qualified for the GS-14 School Psychologist position, even if true, does not constitute an "employment practice" under section 300.101. ID at 10‑11; *see Banks*, 59 M.S.P.R. at 160 (finding that an appellant's allegations that an agency failed to fully consider his education and experience in making a selection for a position did not establish that the agency subjected him to an employment practice under 5 C.F.R. § 300.101).

¶9        Additionally, as noted above, OPM must have "applied" an employment practice to a candidate for the Board to have jurisdiction over an employment practices appeal. *Dow v. General Services Administration*, 590 F.3d 1338, 1342 (Fed. Cir. 2010); 5 C.F.R. § 300.104(a). In certain circumstances, OPM's involvement in an agency's selection process may be sufficient to characterize a nonselection action by that agency as a practice "applied" by OPM. *Prewitt*, 133 F.3d at 888. For that prerequisite to be satisfied, however, OPM's involvement in the selection process must be significant. *Id.* As the administrative judge correctly determined, though, the appellant did not allege below that OPM was involved, significantly or otherwise, in the administration of any part of this selection process. ID at 11; *see* IAF, Tab 4 at 3. Accordingly, we

agree that the appellant failed to establish the first jurisdictional prong of an employment practices appeal.

¶10    As stated previously, the second jurisdictional prong is a nonfrivolous allegation that the employment practice violated a basic requirement for employment practices set forth in 5 C.F.R. § 300.103.  That regulation requires that employment practices be based on a "job analysis to identify:  (1) The basic duties and responsibilities; (2) The [knowledge], skills, and abilities required to perform the duties and responsibilities; and (3) The factors that are important in evaluating candidates."   5 C.F.R. § 300.103(a).  There must also be a "rational relationship between performance in the position to be filled . . . and the employment practice used," and the employment practice must be nondiscriminatory.   5 C.F.R. § 300.103(b)(1), (c).  Here, as the administrative judge correctly noted, the appellant did not allege below that the agency's use of the specialized experience requirement, or any other aspect of the selection process, violated a "basic requirement" of 5 C.F.R. § 300.103.  ID at 12‑13; IAF, Tab 4 at 3.  Further, although an agency's "misapplication" of a valid OPM requirement to a candidate can constitute an appealable employment practice, *Sauser*, 113 M.S.P.R. 403, ¶ 7, the appellant did not allege that the agency misapplied any OPM requirement, IAF, Tab 4 at 3.  Thus, the administrative judge correctly concluded that the appellant failed to establish the second jurisdictional condition for an employment practices appeal.  ID at 13.

¶11    For the first time on review, the appellant argues that this appeal involves an appealable employment practice because "[t]ime grade restrictions [are] the issue in this case" and because the agency "misapplied" an unspecified OPM regulation.  PFR File, Tab 1 at 4.  He further argues, also for the first time on review, that the agency violated a "basic requirement" under 5 C.F.R. § 300.103 because it "failed to conduct a job analysis for this new position for a School Psychologist"; "the employment practice has to be professionally developed"; and

"there is no rational relationship between performance in the position and the experience requirements advertised in the vacancy announcement." *Id.*

¶12 The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant has not alleged that his new arguments are based on new and material evidence, nor has he offered any explanation for his failure to timely raise these arguments below. PFR File, Tab 1. Thus, we need not consider them for the first time on review. Even if we were to consider the appellant's new arguments, however, they provide no basis to disturb the initial decision.

¶13 As noted above, the appellant contends on review that this case involves an appealable employment practice, namely, a "[t]ime grade restriction." *Id*. at 3. Contrary to the appellant's assertion however, this case does not involve a time-in-grade restriction.[4] *See* 5 C.F.R. §§ 300.601, 300.605. Rather, as is evident from the vacancy announcement for the GS-14 School Psychologist position, the specialized experience requirement challenged by the appellant is a qualification standard setting the minimum experience required for appointment based on selection from a competitive examination. IAF, Tab 13 at 12-14. The appellant's vague reference to an unspecified OPM regulation is insufficient to constitute even a nonfrivolous allegation that OPM had any, much less significant, involvement in setting or imposing the qualification standard or that the agency misapplied any OPM requirement. PFR File, Tab 1 at 4; *see Prewitt*, 133 F.3d at 888. The appellant's bare allegations that the qualification standard was not based on a professional job analysis and did not bear a rational relationship to the position to be filled are likewise unavailing. *Id.* Even if the

---

[4] Time-in-grade restrictions set forth the minimum amount of time a candidate for advancement must have completed in a position at the next lower grade prior to advancement. 5 C.F.R. §§ 300.601-.605.

qualification standard was shown to be invalid, the appellant has not nonfrivolously alleged that OPM was involved in developing or administering the alleged invalid criteria. *Id.* Thus, this appeal remains best characterized as a challenge to the agency's hiring decision, and the appellant's new arguments on review provide no basis for the Board to exercise jurisdiction over his nonselection as an employment practices appeal.

¶14 As noted above, the appellant also challenged the agency's handling of his grievance regarding his nonselection. IAF, Tab 4 at 3. The administrative judge found that the Board lacked jurisdiction to consider this claim, explaining that the Board has no authority to serve as the ultimate arbiter of the functioning of an agency grievance procedure, that grievances regarding alleged employment practices were beyond the scope of the Board's jurisdiction under 5 C.F.R. § 300.104(a), and that an agency grievance procedure does not fall within the definition of "employment practice" under 5 C.F.R. § 300.101. ID at 14-15. The appellant does not appear to challenge these findings on review, asserting only that this case is about more than "the fact that the Agency failed to follow their own grievance policy." PFR File, Tab 1 at 4. Even if the appellant's allegation that the agency failed to follow its own grievance policy is true, however, he has failed to allege any basis for disturbing the administrative judge's determination that the Board lacks jurisdiction to consider his complaints regarding the grievance procedure. ID at 14‑15.

¶15 Lastly, the administrative judge found that the Board could not consider the appellant's harmful procedural error allegations in the absence of an otherwise appealable action. ID at 16. The appellant has not challenged this finding on review, and we discern no basis to disturb it. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.