NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARTER EUGENE LINN,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3059

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-13-0193-I-1.

---

Decided: June 11, 2014

---

CARTER EUGENE LINN, of Bainbridge, Georgia, pro se.

ALEXANDER V. SVERDLOV, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT KIRSCHMAN, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before O'MALLEY, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Carter Eugene Linn appeals from a decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") calculation of Mr. Linn's retirement annuity. For the reasons set forth below, we *affirm*.

BACKGROUND

Mr. Linn served in the United States Army from October 10, 1967 to October 9, 1977. After he left the Army, Mr. Linn worked in Federal service as a civilian from May 12, 1980 through his retirement on June 2, 2000. Based on these dates of service, Mr. Linn was eligible for retirement benefits under the Civil Service Retirement System ("CSRS").

At the time of his retirement, OPM initially calculated Mr. Linn's annuity based on his total service, including both civilian and military, at $4,411 per month. On his retirement application, however, Mr. Linn indicated he had not deposited with the Civil Service Retirement and Disability Fund an amount equal to seven percent of his total post-1956 military pay. When Mr. Linn reached 62 years of age, OPM recalculated his annuity in order to exclude both base benefits and cost-of-living adjustments resulting from his military service. As a result of the recalculation, Mr. Linn's annuity was reduced by 28.4 percent to $3,158.

Mr. Linn appealed OPM's decision to recalculate his annuity. According to Mr. Linn, the statute requires that each year of eliminated military service should decrease his total annuity by 2 percent. As a result, based on his almost 10 years of military service, Mr. Linn argued that his annuity should have been decreased by only 20 percent.

The administrative law judge ("ALJ") initially found that the Board lacked jurisdiction over Mr. Linn's appeal.

The ALJ found that, in the absence of an OPM decision addressing its recalculation methodology, the ALJ could not review Mr. Linn's arguments in the first instance. The Board agreed with the ALJ and, for reasons of judicial economy, remanded the case for OPM to issue a new decision explaining its method of calculating Mr. Linn's monthly annuity.

On November 7, 2012, OPM issued a new decision explaining its methodology. OPM explained that it recalculated Mr. Linn's annuity by first reducing his base benefit by 20 percent and then reapplying all cost-of-living adjustments to this reduced figure. Doing so eliminated all benefits associated with Mr. Linn's military service and resulted in an overall reduction of 28.4 percent to Mr. Linn's annuity.

Mr. Linn appealed the OPM decision and restated his argument that his total annuity should have been reduced by only 20 percent. Mr. Linn also argued, for the first time, that OPM's calculation violated the Administrative Procedure Act ("APA") because OPM never published notice of the methodology for calculating annuity payments under 5 U.S.C. § 8332(j)(1), and never informed him that those recalculations would strip the cost-of-living adjustments that had accrued on the portion of his annuity attributable to military service.

The ALJ disagreed with Mr. Linn and found that OPM properly reduced the base annuity by 20 percent pursuant to 5 U.S.C. § 8339(d)(1) and then applied cost-of-living adjustments to this figure, resulting in a 28.4 percent total reduction. The ALJ found that this methodology was consistent with the statutory requirement that the benefits "exclude" credit for military service because this methodology eliminated not only base annuity benefits from military service, but also any cost-of-living adjustments associated with those benefits. As a result,

the ALJ affirmed OPM's calculation of Mr. Linn's annuity. The ALJ did not address Mr. Linn's APA claim.

Mr. Linn petitioned the full Board for review of the ALJ decision. The Board agreed with the ALJ that OPM's methodology was consistent with the plain language of the statute. Although the ALJ did not address Mr. Linn's APA claim, the Board explained that Mr. Linn's APA claim had not been raised properly before the ALJ, and therefore, the Board was not able to consider it. The Board therefore affirmed the ALJ decision.

Mr. Linn timely appealed. We have jurisdiction under 28 U.S.C. §1295(a)(9).

## DISCUSSION

Our review of a decision of the Board is circumscribed by statute. We can set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). We can set aside a Board decision that is "unsupported by substantial evidence when it lacks such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004) (quoting *Matsushita Elec. Indus. Co. v. U.S.*, 750 F.2d 927, 933 (Fed. Cir. 1984)).

On appeal, Mr. Linn raises similar arguments to those he made before the ALJ and the Board. In brief, Mr. Linn argues that he should be able to keep a portion of the cost-of-living adjustments initially applied to his annuity based on his military service. We do not agree. The statute, 5 U.S.C. § 8332(j), is clear that where a civil service annuitant fails to make a deposit into the Civil Service Retirement Fund, his benefits after he reaches the

age of 62 must exclude any benefits associated with military service. This necessarily means that, in addition to base benefits associated with military service, any cost-of-living adjustments made to the annuity based on military service must also be excluded.

A civil service annuitant like Mr. Linn who retires after September 7, 1982, is entitled to credit for active duty military service performed after 1956 under both the CSRS and the Social Security System, but only if he deposits with the Civil Service Retirement Fund an amount equal to seven percent of his total post-1956 military pay. *Collins v. Office of Pers. Mgmt.*, 45 F.3d 1569, 1570-71 (Fed. Cir. 1995) (citing 5 U.S.C. §§ 8332(j) (2012), 8334(j) (2009)). If an annuitant fails to make this deposit, OPM is obligated to recalculate the proper annuity payment when the annuitant first becomes eligible for Social Security benefits at age 62. *Id.*

Where a deposit has not been made, the benefits of an annuitant that has reached the age of 62 are recalculated to eliminate any benefit accruing from the military service. *See id.* at 1571. Section 8332(j)(1) provides, in relevant part:

> If the military service [is not otherwise excluded], the Office of Personnel Management shall redetermine the aggregate period of service on which the annuity is based, effective as of the first day of the month in which he or she becomes 62 years of age, *so as to exclude that service.*

5 U.S.C. § 8332(j)(1) (emphasis added).

Mr. Linn argues that OPM's methodology is a retroactive action that is taking away his vested property right in the cost-of-living adjustments. We disagree. OPM eliminated the entirety of the benefit that Mr. Linn received in his annuity on account of his military service,

including the cost-of-living adjustments. This gives full meaning to the statute's use of the term "exclude."

Mr. Linn also argues that OPM's calculation violates the APA because OPM never published notice of the methodology it used to recalculate annuity payments under 5 U.S.C. § 8332(j)(1). As the Board noted in its decision, Mr. Linn had the opportunity to raise this argument in his initial appeal to the ALJ prior to remand and failed to do so. A litigant who fails to properly raise an issue before an administrative agency ordinarily is precluded from litigating that issue before us. *Elmore v. Dept. of Transp.*, 421 F.3d 1339, 1342 (Fed. Cir. 2005) (citing *Wallace v. Dep't of the Air Force*, 879 F.2d 829, 832 (Fed. Cir. 1989)). Accordingly, we decline to consider this argument.

We have considered the parties' remaining arguments. Because they do not affect the outcome of our decision, we do not address them.

## CONCLUSION

For all of the foregoing reasons, the decision of the Board is affirmed.

## AFFIRMED

## COSTS

No costs.