NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERICE MAURICE KENCY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1068

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-18-0193-I-1.

---

Decided: April 2, 2024

---

ERICE MAURICE KENCY, Grovetown, GA, pro se.

CALVIN M. MORROW, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant Erice M. Kency appeals a decision of the Merit Systems Protection Board (Board) affirming the dismissal of Mr. Kency's appeal as untimely. Mr. Kency argues that the Board erred in deeming his appeal untimely and, alternatively, erred in failing to apply equitable tolling. Because Mr. Kency failed to properly raise these arguments before the Board, we *affirm*.

I

Mr. Kency filed a complaint with the Secretary of Labor (Secretary), alleging that the Department of the Army violated the Veterans Employment Opportunities Act of 1998 (VEOA) by failing to appropriately credit his service and consider his veterans' preference points in hiring. S.A. 23–24;[1] *see also Dow v. Gen. Servs. Admin.*, 590 F.3d 1338, 1339 (Fed. Cir. 2010) (describing veterans' preference points). The VEOA requires giving qualifying veterans preference in employment for certain government positions. *Dow*, 590 F.3d at 1339 (citing 5 U.S.C. § 3330a). Such veterans have points added to their score on the civil service examination and are listed ahead of other applicants. *Id.* (citing 5 U.S.C. § 3309; 5 C.F.R. § 332.401).

After receiving Mr. Kency's complaint, the Secretary investigated the complaint through the Department of Labor's Veterans' Employment and Training Service (VETS), found no violation of the VEOA, and sent Mr. Kency a notice letter to that effect on December 6, 2017. S.A. 23–24. The Secretary's letter stated that any appeal to the Board must be made by Mr. Kency within 15 calendar days from the date Mr. Kency received the letter and included information on how Mr. Kency could file an appeal with the Board. S.A. 23–24. Mr. Kency acknowledges receiving the Secretary's letter on December 6, 2017.

---

[1]    S.A. refers to the supplemental appendix attached to the respondent's informal brief, ECF No. 15.

On December 11, 2017, the Secretary sent a corrected version of the December 6 letter. S.A. 38–41. Though the original December 6 letter was addressed to Mr. Kency, it had an incorrect case number, and the December 11 letter updated the number to reflect Mr. Kency's case. *Compare* S.A. 23 ("Case No. GA-**2018**-003-VPH"), *with* S.A. 40 ("Case No. GA-**2017**-003") (emphasis added). The content of the corrected letter—including the original December 6, 2017 date on each page of the letter—otherwise remained identical. *Id.* Twenty days after receiving the Board's December 6 letter, Mr. Kency filed an appeal to the Board on December 26, 2017. S.A. 2.

On January 5, 2018, the Administrative Judge (AJ) assigned to Mr. Kency's appeal issued an order noting that the appeal appeared untimely. S.A. 25–28 (*Timeliness Order*). In bold text, the *Timeliness Order* indicated that "[i]t appears that the filing period in this case began on December 6, 2017, and that your appeal was filed by e-file on December 26, 2017. It therefore appears that your appeal was filed 5 days late." S.A. 26.

The *Timeliness Order* also instructed Mr. Kency on the steps he "must take to show that the Board should not dismiss the appeal as untimely," including a requirement to "file evidence and/or argument showing that [his] appeal was timely filed or that equitable tolling applies." S.A. 25, 27. The order expressly warned Mr. Kency that if his appeal was deemed untimely, and no basis to excuse the untimeliness was shown, "[his] appeal will be dismissed." S.A. 27. Finally, the order offered additional, individualized guidance to Mr. Kency if he had "a question regarding any of the case processing instructions in this Order." S.A. 25.

Mr. Kency did not respond to the *Timeliness Order* and did not file arguments or evidence addressing timeliness or equitable tolling. S.A. 3. Thus, the AJ dismissed Mr. Kency's appeal as untimely. S.A. 1–10. Following the

AJ's dismissal order, Mr. Kency filed a petition for review by the Board, which denied his petition, noting that it generally would not consider arguments and evidence that could have been—yet were not—initially raised to the AJ. S.A. 11–12; *id.* at 13–14 (citing 5 C.F.R. § 1201.115(d)). The Board explained that the relevant evidence was in Mr. Kency's possession during proceedings before the AJ, and Mr. Kency "has not explained why he failed to make this or any other argument in response to the administrative judge's timeliness order." S.A. 13–14.

Mr. Kency timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A); *see also Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1014 (Fed. Cir. 2017).

## II

"The scope of our review in an appeal from a decision of the Board is limited." *Barrett v. Soc. Sec. Admin.*, 309 F.3d 781, 785 (Fed. Cir. 2002). "We are obligated to affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.* (citing 5 U.S.C. § 7703(c)).

## III

Mr. Kency makes two arguments on appeal. First, he argues that his appeal *was* timely filed, because the December 11 letter indicates that he may file an appeal within 15 calendar days from the receipt of "*this* letter." Since "this letter" was received on December 11, Mr. Kency argued that his filing on December 26 was timely under the relevant regulation, 5 C.F.R. § 1208.22(b), which deems timely an appeal filed 15 days from the "Secretary's notice." Mr. Kency emphasizes that the relevant regulations require a "copy of the Secretary's notice" to be "submitted

with the appeal," *see id.*, and notes that he did not receive the relevant copy until December 11. Second, Mr. Kency argues that his appeal should have been deemed timely under equitable tolling principles because the December 11 letter actively misled him into believing that the relevant deadline was December 26. *See* 5 C.F.R. § 1208.22(c) (providing for equitable tolling "[i]n extraordinary circumstances," such as "cases involving deception"). Mr. Kency emphasizes that he is pro se, and asserts that a wooden interpretation of § 1208.22(b) and (c) would be especially unfair, given that it was clear he was diligently pursuing his appeal and the delay was minimal.

Though we are sympathetic to Mr. Kency's arguments, we are constrained by the fact that Mr. Kency did not raise these arguments to the AJ. The AJ's *Timeliness Order* expressly instructed Mr. Kency on how he could raise these arguments and when he needed to do so. S.A. 25–28. It also instructed Mr. Kency of the consequences of failing to timely submit such evidence: "[his] appeal will be dismissed as untimely." S.A. 27.

On appeal before us, Mr. Kency does not explain why he did not respond to the AJ's *Timeliness Order* or give us any other reason to find an abuse of discretion in the decision not to address Mr. Kency's new arguments to the Board. *See Elmore v. Dep't of Transp.*, 421 F.3d 1339, 1342 (Fed. Cir. 2005) ("Where, as here, the Board denied review of the administrative judge's initial decision, this court will not consider issues not raised before the administrative judge."); *Linn v. OPM*, 566 F. App'x 962, 964 (Fed. Cir. 2014) ("As the Board noted in its decision, [the petitioner] had the opportunity to raise this argument in his initial appeal to the [AJ] . . . and failed to do so. A litigant who fails to properly raise an issue before an administrative agency ordinarily is precluded from litigating that issue before us."). Accordingly, we conclude that the Board did not abuse its discretion in refusing to consider Mr. Kency's new arguments.

IV

We have considered Mr. Kency's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm* the decision of the Board dismissing Mr. Kency's appeal.

**AFFIRMED**

COSTS

No costs.